UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
OCT 28 2016
RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED OCT 28 2016
CLERK

No. 16-____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| TWENTY-FIRST CENTURY FOX, INC.,<br><br>*Petitioner,*<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION<br>and the UNITED STATES OF AMERICA,<br><br>*Respondents.* | 16-1376 |

## PETITION FOR REVIEW

Twenty-First Century Fox, Inc. ("Fox") hereby petitions for review of the final Report and Order released by the Federal Communications Commission ("FCC") on September 7, 2016, in Docket No. 13-236, *In the Matter of Amendment of Section 73.3555(e) of the Commission's Rules, National Television Multiple Ownership Rule* (the "Order"). A copy of the Order is attached to this petition as Exhibit A.

This Petition For Review is related to the petition filed by Fox in this court on September 16, 2016, which also challenges the Order. *See Twenty-First Century Fox, Inc. v. FCC*, No. 16-1324 (D.C. Cir.). Since a synopsis of the Order was published in the Federal Register on October 24, 2016, *see* 81 Fed. Reg. 73,035-

73,041, Fox is filing this separate Petition for Review out of an abundance of caution in order to ensure that its appeal of the final order as published in the Federal Register is before the Court. A copy of the synopsis of the Order published in the Federal Register is attached to this Petition as Exhibit B.

Fox seeks review of the Order pursuant to 28 U.S.C. § 2344, 47 U.S.C. § 402(a), and Rule 15(a) of the Federal Rules of Appellate Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 2342(1), and venue in this Court is proper under 28 U.S.C. § 2343.

## I. Nature of the Proceedings and Grounds for Relief

The FCC's rules impose certain limitations on the ownership of broadcast television and radio stations.[1] Congress requires the FCC to review these ownership rules every four years to determine whether they "are necessary in the public interest as the result of competition" and to "repeal or modify any regulation [the Commission] determines to be no longer in the public interest"—with one exception. In 2004, Congress directed the FCC to set "the national audience reach limitation for television stations to 39 percent" and insulated this 39 percent limitation from further FCC review.[2] In doing so, Congress relied on the FCC's

---

[1] *See generally* 47 C.F.R. § 73.3555.

[2] *See* Telecommunications Act of 1996, Pub. L. No. 104-104, § 202(h), 110 Stat. 56, 111-12 (1996) (1996 Act); Consolidated Appropriations Act, 2004, Pub. L. No. 108-199, § 629, 118 Stat. 3, 99-100 (2004) (Appropriations Act) (amending Sections 202(c) and 202(h) of the 1996 Act).

nearly two-decade-long definition of "national audience reach" as "the total number of television households" reached by a broadcaster's stations, except that "UHF television stations"—stations transmitting on channels in the Ultra High Frequency band—"shall be attributed with 50 percent of the television households" reached.[3] This "UHF Discount" thus is inextricably linked to the Congressionally mandated 39 percent national audience reach limitation.

Notwithstanding Congress's clear directive, the Order eliminates the decades-old UHF discount, a decision that exceeds the FCC's statutory authority because it effectively reduces the national audience reach limitation set by Congress. Order ¶ 3. As a result, station acquisitions that would cause a proposed buyer to exceed the reduced cap may no longer be routinely approved, even if such transactions fully comply with the national audience reach limitation as calculated in the manner mandated by Congress. Additionally, station groups whose historically compliant audience reach exceeds the recalculated cap may no longer be sold intact but must be dismantled upon a change in control.

In addition, the FCC failed in its obligation to engage in reasoned decisionmaking by refusing even to entertain arguments that the limitation should be relaxed or eliminated, rather than tightened, as it acknowledged it has the authority to do. *See* Order ¶¶ 21, 40.

---

[3] 47 C.F.R. § 73.3555(e)(2)(i); *Multiple Ownership of AM, FM and Television Broadcast Stations*, 50 Fed. Reg. 4,666, 4,676 (1985).

In the respects described above and others, the Order is arbitrary and capricious, an abuse of discretion, and otherwise contrary to the Constitution and other laws. *See* 5 U.S.C. § 706(2)(A)-(C).

## II. Prayer for Relief

Fox respectfully requests that this Court (1) vacate or reverse those portions of the Order that are unlawful, (2) remand such portions of the Order to the FCC for an order consistent with this Court's findings and applicable law, and/or (3) provide such other relief as this Court deems appropriate.

Respectfully submitted,

TWENTY-FIRST CENTURY FOX, INC.

Robert A. Long, Jr.
Mace Rosenstein
Andrew Soukup
Michael Beder
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
rlong@cov.com
mrosenstein@cov.com
asoukup@cov.com
mbeder@cov.com

*Counsel to Twenty-First Century Fox, Inc.*

Dated: October 28, 2016

No. 16-_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|   |   |
|---|---|
| TWENTY-FIRST CENTURY FOX, INC., | ) |
| Petitioner, | ) |
| v. | ) |
| FEDERAL COMMUNICATIONS COMMISSION and the UNITED STATES OF AMERICA, | ) |
| Respondents. | ) |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1 of the United States Court of Appeals for the District of Columbia Circuit, Petitioner Twenty-First Century Fox, Inc., hereby states as follows:

Twenty-First Century Fox, Inc. has no parent company, and no publicly-held company has a 10% or greater ownership interest in its stock.

Respectfully submitted,

TWENTY-FIRST CENTURY FOX, INC.

*[signature]*

Robert A. Long, Jr.
Mace Rosenstein
Andrew Soukup
Michael Beder
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
rlong@cov.com
mrosenstein@cov.com
asoukup@cov.com
mbeder@cov.com

*Counsel to Twenty-First Century Fox, Inc.*

Dated:    October 28, 2016