## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Twenty-First Century Fox, Inc.,     )
               Petitioner,    )
                         )
         v.           )     No. 16-1375
                         )
Federal Communications Commission   )
  and United States of America,     )
             Respondents.   )

## UNOPPOSED MOTION TO HOLD IN ABEYANCE

The Federal Communications Commission respectfully moves to hold this case in abeyance until the Commission rules on a petition for reconsideration of the challenged order. Counsel for the Commission have discussed this motion with counsel for the other parties in this case. Counsel for the petitioner, Twenty-first Century Fox, Inc. ("Fox"), has indicated that Fox takes no position on the motion. Counsel for the United States (the FCC's co-respondent) and all of the intervenors—including Free Press, Common Cause, Media Alliance, United Church of Christ, Trinity Christian Center of Santa Ana, Inc. ("Trinity"), ION Media Networks, Inc. ("ION"), and the National Association of Broadcasters— have informed the Commission that they do not oppose this motion.

This case concerns an amendment to an FCC rule which prohibits a single entity from owning television stations that, in total, reach more than 39 percent of all the television households in the nation. 47 C.F.R. § 73.3555(e)(1). The 39

percent cap on national audience reach was established by Congress in 2004. *See Consolidated Appropriations Act, Pub. L. No. 108-199, § 629, 118 Stat. 3, 99-100 (2004).* For purposes of calculating compliance with the 39 percent cap, commercial broadcast television station owners had previously been permitted to discount the households reached by UHF stations by 50 percent. *See id.* § 73.3555(e)(2)(i) (2015). In the order on review, the Commission amended its rules to abolish the UHF discount in light of subsequent technological changes associated with the transition to digital television. *Amendment of Section 73.3555(e) of the Commission's Rules, National Television Multiple Ownership Rule*, 31 FCC Rcd 10213 (2016) ("*Order*").

Fox has petitioned for review of the *Order*. It contends that the Commission's decision to eliminate the UHF discount "exceeds the FCC's statutory authority because it effectively reduces the national audience reach limitation set by Congress." Petition for Review, No. 16-1375, at 3. Fox also argues that the agency unreasonably "refus[ed] even to entertain arguments that the [national audience reach] limitation should be relaxed or eliminated, rather than tightened." *Id.*

On November 23, 2016, ION and Trinity jointly filed a timely petition for FCC reconsideration of the *Order*. A copy of the reconsideration petition is attached. In that petition, ION and Trinity broadly assert that the Commission's

"decision to eliminate the UHF Discount without conducting a thorough inquiry into the national multiple ownership rules was arbitrary and capricious and should be revisited." Petition for Reconsideration, MB Docket No. 13-236, at 3. They argue that "the FCC's decision to eliminate the UHF Discount without changing the national multiple ownership audience reach cap is an unprecedented, unjustifiable, and unlawful tightening of the FCC's ownership rules." *Id.* at 2.

The claims that Fox seeks to raise before this Court are encompassed in the issues that have been presented to the Commission in the reconsideration petition filed by ION and Trinity. As a result, if the Commission were to grant the petition for reconsideration in whole or in part, this litigation could be significantly altered, or perhaps even rendered moot. In light of those possibilities, it would serve judicial economy as well as the interests of the parties for this Court to follow its usual practice and "hold the appeal in abeyance pending the Commission's further proceedings, keeping the record open for supplementation to reflect those proceedings." *Wrather-Alvarez Broad., Inc. v. FCC*, 248 F.3d 646, 649 (D.C. Cir. 1957).[1]

---

[1] The Court typically suspends review of FCC cases in which petitions for administrative reconsideration have been filed. *See, e.g., United States Telecom Ass'n v. FCC*, D.C. Cir. No. 15-1322 (order issued Jan. 14, 2016); *Sprint Nextel Corp. v. FCC*, D.C. Cir. No. 06-1278 (order issued Dec. 6, 2006); *EchoStar Satellite LLC v. FCC*, D.C. Cir. No. 04-1033 (order issued June 7, 2004); *Northpoint Technology, Ltd. v. FCC*, 02-1194 (order issued Aug. 29, 2002).

For the foregoing reasons, the Court should hold this case in abeyance pending FCC action on reconsideration.

Respectfully submitted,

Howard J. Symons
General Counsel

David M. Gossett
Deputy General Counsel

Jacob M. Lewis
Associate General Counsel

/s/James M. Carr

James M. Carr
Counsel

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

December 14, 2016

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Twenty-First Century Fox, Inc., | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-1375 |
| | ) | |
| Federal Communications Commission | ) | |
| and United States of America, | ) | |
| Respondents. | ) | |

**CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS,
AND TYPE-STYLE REQUIREMENTS**

1.      This document complies with the word limit requirements of Fed. R. App. P. 27(d)(2)(a) because the document contains 655 words, as determined by the word-count function of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f); and

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/James M. Carr

James M. Carr
Counsel

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

December 14, 2016

**Before the**

**Federal Communications Commission**

**Washington, D.C. 20554'**

In the Matter of

| | | |
|---|---|---|
| Amendment of Section 73.3555(e) | ) | |
| of the Commission's Rules, National | ) | MB Docket No. 13-236 |
| Television Multiple Ownership Rule | ) | |

**PETITION FOR RECONSIDERATION OF**
**ION MEDIA NETWORKS**
**AND**
**TRINITY CHRISTIAN CENTER OF SANTA ANA, INC.**

Pursuant to 47 C.F.R. Section 1.429 of the FCC's rules, ION Media Networks, Inc. ("ION") and Trinity Christian Center of Santa Ana, Inc. ("Trinity"), by their attorneys, hereby seek reconsideration of the FCC's UHF Discount *Order*.[1]  For the reasons described herein, the FCC's decision to review the UHF Discount without reviewing the national ownership cap and the decision to prohibit the transfer of grandfathered UHF station combinations should be reversed.

## I.      INTRODUCTION

As ION and Trinity demonstrated in this proceeding, the UHF Discount has been a massively successful government policy that fostered the creation of new, diverse television programming networks that have vastly expanded consumer welfare.  Petitioners disagree with the FCC's decision to eliminate that policy for future entrepreneurs that might follow the lead of

---

[1] *See* Amendment of Section 73.3555(e) of the Commission's Rules, National Television Multiple Ownership Rule, *Report and Order*, 65 CR 720, MB Docket No. 13-236, FCC 16-116 (rel. Sept. 6, 2016) (the "*Order*"); *see also* 47 C.F.R. §73.3555(e)(2)(i) (the "UHF Discount").

ION and Trinity in the creation of additional new over-the-air networks.  That decision, along with the FCC's authority to adopt it, is under review by the federal courts.[2]

This Petition requests that the FCC reconsider its decisions (a) to review the UHF Discount without revisiting the national audience reach cap; and (b) not to permit transfer of grandfathered UHF station combinations to a single buyer.  First, the FCC's decision to eliminate the UHF Discount without changing the national multiple ownership audience reach cap is an unprecedented, unjustifiable, and unlawful tightening of the FCC's ownership rules.  Both the FCC and the courts have recognized that the national cap and the UHF Discount go hand-in-hand; the FCC has no authority to change one without at least reviewing the impact that the change will have on the other.  The FCC failed to do that here, rendering its decision to eliminate the UHF Discount unlawful.

Moreover, to the extent that FCC was permitted to revise the UHF Discount without considering the national ownership cap, ION and Trinity agree with the FCC's decision to grandfather the station groups owned by ION, Trinity, and others rather than force immediate divestitures.  This decision wisely preserves the value the public receives today from UHF Discount-reliant station groups.  But the FCC's failure to take the next logical step and allow such groups to be transferred to third parties simply ensures that at some point in the future, that value will be lost, and forced divestiture will occur.  This is a mistake that the FCC should rectify on reconsideration.  Only full transferability of grandfathered station groups will ensure that the public continues to enjoy the full measure of the benefits secured by the FCC's UHF Discount policy.

---

[2] *Twenty-First Century Fox, Inc. v. FCC*, No. 16-1375 (D.C. Cir. Filed Oct. 28, 2016).

## II.  THE FCC MUST RECONSIDER ITS DECISION TO ELIMINATE THE UHF DISCOUNT WITHOUT REVIEWING THE NATIONAL AUDIENCE REACH CAP.

The FCC's decision to eliminate the UHF Discount without conducting a thorough inquiry into the effect of such action on the national multiple ownership rules was arbitrary and capricious and should be revisited.  As Commissioner Pai correctly noted in his separate statement, the FCC's decision "will substantially change the impact of the national [ownership] cap."[3]  Indeed, elimination of the UHF Discount amounts to an unprecedented and unwarranted tightening of the national audience reach cap – doubling overnight the calculated audience reach of every UHF station in the country and substantially increasing the calculated audience reach of every station owner that holds one or more UHF stations.

The FCC's decision not only to refuse to consider making corresponding changes to the national audience reach cap was unwise, but more importantly, it was unlawful.  The 39% ownership reach cap was adopted by Congress as part of the Consolidated Appropriations Act, 2004, and both the FCC and the Courts have recognized that the CAA represents Congress's judgment that the national cap with the UHF Discount should be set at 39%.[4]  And the Court in *Prometheus* recognized that any change in the UHF Discount would result in a significant tightening of the Congressionally-established audience reach cap.[5]  Indeed, repeal of the UHF Discount results in a massive expansion of the audience reach limitation.  Addressing a nearly identical scenario in its latest decision reviewing the FCC's periodic ownership reviews, the

---

[3]  *Order,* Dissenting Statement of Commissioner Ajit Pai.

[4]  *See* Consolidated Appropriations Act, 2004, H.R. 2673, 108th Cong. § 629 (2004) (the "CAA"); *Prometheus Radio Project v. FCC*, 373 F.3d 372, 395-97; 2006 Quadrennial Regulatory Review, *Report and Order and Order on Reconsideration*, 23 FCC Rcd 2010, 2084 (2008) ("2008 Order").

[5]  *See* Prometheus, 373 F.3d at 396.

Third Circuit rejected the FCC's new joint sales agreement attribution rules as an unlawful expansion of the underlying local multiple ownership rules.[6]  The court ruled that "unless the Commission determines that the preexisting ownership rules are sound, it cannot logically demonstrate that expansion [of the rules] is in the public interest."[7]  The exact same reasoning applies here.  The FCC was wrong to eliminate the UHF Discount without analyzing the impact that ruling would have on the national audience reach cap and determining that the result would be in the public interest.

The FCC engaged in no such analysis in this case and it could not have defended the result had it tried.  The record in this proceeding included no evidence that a tightening of the national audience reach cap was in order.  Moreover, the record included ample evidence that elimination of the UHF Discount would leave the national cap such that new entrants could not use the UHF Discount to bring substantial competitive benefits to the market, as previous UHF owners like ION and Trinity had done.[8]  Without evidence that the public interest demanded a tightening of the national cap, the FCC had no basis for elimination the UHF Discount.  It should go without saying that agency decisions taken without reasoned analysis are unlawful.[9]  The FCC's decision to effectively reduce the national audience reach cap without even examining that rule must be reversed.

---

[6]  *Prometheus Radio Project v. FCC*, 824 F.3d 33, 58 (3rd Cir. 2016).

[7]  *Id.*

[8]  *See*, *e.g.*, Comments of ION Media Networks, Inc. at 15.

[9]  *See Motor Vehicle Mfr. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

### III. THE FCC MUST RECONSIDER THE ORDER AND FULLY GRANDFATHER EXISTING STATION COMBINATIONS.

For nearly 30 years, the UHF Discount has been an engine driving growth and expanded diversity in TV programming, markedly improving the important free public services that over-the-air broadcasters provide. With the FCC's encouragement, companies like ION and Trinity have built national networks based on the FCC's promise that such networks would be permitted to reach a larger over-the-air audience in exchange for acquiring and improving underperforming UHF stations. That formula has been one of the FCC's most thoroughly positive policy success stories, with several station group owners, including ION and Trinity, building new, diverse television networks that have made a substantial contribution to the diverse programming available to consumers today.

As ION explained in its comments in this proceeding, ION relied on the UHF Discount to build America's last truly independent over-the-air broadcasting network, unaffiliated with any foreign or domestic media conglomerate.[10] To build this network ION pursued a strategy of purchasing underperforming UHF stations and investing in improving their viewer reach by carefully improving their facilities and programming. This strategy led to increased cable and satellite carriage, further expanding ION's reach. In the process, ION converted struggling and rarely viewed UHF stations into full service stations with three full-time channels of programming. Today, ION's television networks, anchored by 60 local television stations (59 of which are UHF), today reach 260 million Americans in 100 million U.S. television households. ION TV, a top-15 general entertainment channel with particular appeal to over-the-air and minority households; Qubo the nation's only 24/7 children's educational and informational

---

[10] *See, e.g.,* Comments of ION Media Networks, Inc., MB Docket No. 13-236 (filed Dec. 16, 2013) at 2-3.

programming channel; and ION Life, a cutting edge health and wellness channel. Because these services are available over-the-air, they are free to all viewers served by ION's stations, providing much-needed diversity to the services available to over-the-air-only households.

Likewise, Trinity has used the UHF Discount to build TBN, the world's largest religious network and America's most watched faith channel. TBN offers 24 hours of commercial-free inspirational programming every day that appeals to people in a wide variety of religious denominations. Trinity has hundreds of full-power and low-power affiliates nationwide, and the backbone of this station network is Trinity's 31 full-power owned and operated stations, which include 29 UHF stations. Like ION, Trinity's remarkable success in expanding the availability of faith-based programming likely would not have been possible without the UHF Discount.[11] Trinity now provides a variety of free-to-the-home programming options. These multicast streams include "The Trinity Broadcasting Network," "Smile of a Child TV," "The Hillsong Channel" (formerly "The Church Channel"), "Enlace USA," "TBN Salsa," and "JUCE TV."[12] In addition to its flagship service, "The Trinity Broadcasting Network," Trinity was able to develop these additional viewer options to better serve the unique interests of a wide variety of audiences due in major part to the UHF Discount.

---

[11] The record of this proceeding also shows that Univision relied on the UHF Discount to help it build the largest Spanish-language broadcasting network in the U.S. *See* Comments of Univision Communications, Inc., MB Docket No. 13-236, filed Dec. 16, 2013, at 1.

[12] "TBN Salsa" provides English and Spanish language programming serving the wider Hispanic community and culture. "Smile of a Child TV" is a service providing significant Children's educational programming. "The Hillsong Channel" crosses denominational lines across America, providing access to the best and most popular church services, along with live events and concerts. "JUCE TV" is a Christian programming network designed for 13-29 year-olds, combining music video programming, sketch and stand-up comedy, talk shows, action- and extreme-sports programming, and other subject matter of interest to teens and young adults. Each of these multicast programming streams would not have been possible without the larger national audience reach permitted via the UHF Discount.

In this proceeding, ION and Trinity opposed the FCC's proposal to repeal of the UHF Discount and also asked the FCC to grandfather existing station groups that had been built in reliance on the FCC's policies and its encouragement of their network-building activities.[13]  As part of this requested grandfathering, the parties asked that the FCC permit UHF-Discount dependent station groups to be transferred intact to third-party purchasers.  ION and Trinity argued that because they have faithfully followed FCC policy to provide the increased diversity and competition the FCC has said its ownership rules are intended to promote, they should not be penalized for their success.

Despite the success of its UHF Discount policy, the FCC's *Order* eliminates the rule going forward.[14]  While the FCC did decide to grandfather UHF station groups for the duration of their current ownership, the agency denied the parties' request for full transferability of grandfathered combinations.[15]

The FCC's rejection of the transferability proposal presented by ION and Trinity was arbitrary and capricious and should be reversed.  The FCC is required to provide a reasoned explanation for its regulatory actions, but in this case, the FCC didn't even try to explain its reasoning for denying transferability.  Instead, it simply said that UHF station groups like ION and Trinity have no place to object because they've been on notice that the FCC long has intended to eliminate the UHF Discount.[16]  But an agency giving notice of what it plans to do does not absolve the agency of its obligation to engage in reasoned decision-making.  If it did,

___

[13]  *See* Comments of ION Media Networks, Inc. at 21-23; Letter from Colby May, Counsel for Trinity, to Marlene H. Dortch, Secretary, FCC, dated July 26, 2016; Comments of Univision, Inc. at 7-10

[14]  *See Order* at ¶¶ 25-40.

[15]  *See id.* at ¶¶ 41-53.

[16]  *See Order* at ¶¶ 47-50.

every report and order could be a single sentence stating that the agency is adopting the proposals in its notice of proposed rulemaking.  This kind of arbitrary decision-making is exactly what the APA was adopted to prevent.  In his separate statement, Commissioner Pai correctly pointed out that the FCC had failed to identify "any harm [that] would be alleviated or purpose [that] would be served by requiring [UHF] . . . station groups to be broken up in the event of a sale."[17]  Absent such harm, the FCC was obligated to explain why station groups that have fulfilled the FCC's own policies now cannot be sold as a group.  Its failure to do so renders the FCC's decision arbitrary and capricious.

The only reservation the FCC expressed regarding the requested grandfathering relief was that "even if the Commission permitted a grandfathered station group to be transferred intact, there would be no obligation for the new buyer to maintain the stations' current network affiliation or the programming aired by the current licensee."[18]  This assertion is hard to understand as anything other than an admission that the FCC will not allow transferability because it might not like the programming that a future owner might provide.  This should be an embarrassing statement for an agency whose chief responsibility is to balance protecting the First Amendment with its goals of promoting diversity, competition, and localism.  The FCC approval or disapproval of the programming aired by a future owner is none of the FCC's concern and certainty does not provide a reasoned basis for denying full grandfathering with transferability.

The record below shows without doubt that permitting the transfer of grandfathered UHF station combinations is crucial to preserving the competition and diversity benefits that networks composed of UHF stations have created.  If a UHF network owner were forced to split up the

---

[17]  *See Order*, Dissenting Statement of Commissioner Ajit Pai at 4.

[18]  *See Order* at ¶ 52.

network in order to sell it to another owner, the diversity and competition benefits of the combination would be effectively negated.  In contrast, the non-transferability rule adopted in the *Order* would force UHF station owners to break up their holdings and dissolve the networks that the FCC encouraged them to build.  Breaking up networks like ION, Trinity and Univision serve no public interest purpose whatsoever, and on reconsideration FCC should changes its rules so that it does not encourage or require it either now or in the future.

## IV.    CONCLUSION

For the foregoing reasons, ION and Trinity urge the FCC to reconsider its decisions to (a) eliminate the UHF Discount without also reviewing the national audience reach cap; and (b) force grandfathered UHF station group owners to split these assets upon a future sale.

Respectfully submitted,

**ION MEDIA NETWORKS, INC.**


_____/s/_____
John R. Feore
Jason E. Rademacher
Cooley LLP
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, D.C.  20004

**TRINITY CHRISTIAN CENTER OF SANTA ANA, INC.**


_____/s/_____
Colby M. May
Colby M. May, P.C.
P.O. Box 15473
Washington, D.C.  20003

November 23, 2016

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

TWENTY-FIRST CENTURY FOX, INC., )
 )
    Petitioner, )
   v. ) No. 16-1375
 )
FEDERAL COMMUNICATIONS COMMISSION )
and UNITED STATES OF AMERICA, )
 )
    Respondents. )

## CERTIFICATE OF SERVICE

 I, James M. Carr, hereby certify that on December 14, 2016, I electronically filed the foregoing Unopposed Motion to Hold in Abeyance with the Clerk of the Court for the United States Courts of Appeals for the District of Columbia Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Mace J. Rosenstein
Robert A. Long, Jr., Esq.
Andrew J. Soukup
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
*Counsel for: 21st Century Fox*

Andrew J. Schwartzman
Drew Simshaw
GEORGETOWN UNIVERSITY LAW
CENTER
600 New Jersey Avenue, NW
Room 312
Washington, DC 20001
*Counsel for: Free Press, et al.*

Jonathan H. Lasken
Robert B. Nicholson
U.S. DEPARTMENT OF JUSTICE
Room 3224
950 Pennsylvania Avenue, NW
Washington, DC 20530
*Counsel for: USA*

Richard A. Kaplan
Jerianne Timmerman
NATIONAL ASSOCIATION OF
BROADCASTERS
1771 N Street, NW
Washington, DC 20036
*Counsel for: NAB*

_/s/James M. Carr_

James M. Carr
Counsel

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740